UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Owners Insurance Company, | No. 23-cv-2967 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Midwest Lifts, LLC, | |
| Defendant. | |

On July 31, 2024, the Court entered an Order dismissing this case without prejudice for lack of subject matter jurisdiction. ECF 117. Specifically, the Court found that the Plaintiff, Owners Insurance Company, failed to adequately allege the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* at 8–10. Further, the Court found that the requisite amount in controversy could not be established based on the counterclaims asserted by Defendant, Midwest Lifts, LLC. *Id.* at 10–12. The Clerk of Court entered judgment and closed this case on October 1, 2024. ECF 129.

This matter is before the Court on Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority. ECF 118. Defendant argues that Owners should be required to pay its costs and attorney fees because Owners "improperly sued Midwest Lifts in bad faith without federal diversity jurisdiction as to the amount in controversy and to delay its insurance payout to Midwest Lifts." Def.'s Mem. 4, ECF 120. For the reasons that follow, Defendant's motion is denied.

1

*Rule 11 Standards*

"The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct. . . ." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (quotation and bracket omitted). Courts may impose sanctions under Rule 11

> when a pleading, written motion or other paper (1) is submitted to the court for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein lack evidentiary support.

*R&A Small Engine, Inc. v. Midwest Stihl, Inc.*, 471 F. Supp. 2d 977, 978–79 (D. Minn. 2007) (cleaned up). Before signing a document filed with the Court, Rule 11 requires counsel "to conduct a reasonable inquiry into the factual and legal basis for a claim." *Id.* at 979 (citing *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003)); *Igbanugo v. Minn. Office of Lawyers Prof. Resp.*, 56 F.4th 561, 567 (8th Cir. 2022) (same). "In determining whether sanctions are warranted, the court considers whether a reasonable and competent attorney would believe in the merit of the argument." *R&A Small Engine, Inc.*, 471 F. Supp. 2d at 979 (cleaned up).

Rule 11 has a "safe harbor" provision under which a litigant seeking sanctions must make the motion "separately from any other motion," serve the motion on the allegedly sanctionable person prior to filing, and wait at least 21 days after serving it to file the motion to allow the other party to withdraw or correct the improper filing. Fed. R. Civ. P. 11(c)(2). This "safe-harbor provision is a strict procedural requirement," and failure to

provide advance notice of the motion requires denial of the request for sanctions. *Carachini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024).

### *Denial of Defendant's Request for Sanctions*

The denies Midwest Lifts' motion for Rule 11 sanctions for two reasons. First, Midwest Lifts did not comply with Rule 11's safe-harbor provision. *Caranchini*, 97 F.4th at 1102–03 (reversing district court imposition of sanctions under Rule 11 where the moving party failed to provide formal notice as required by the safe-harbor provision). Indeed, Defendant made no attempt to even address this aspect of the Rule in the brief it filed in support of its motion. Defendant did not serve the motion on Owners 21 days before filing. The first notice of the motion that Owners received was when the motion was filed on the docket. This alone is a sufficient basis to deny Defendant's motion for sanctions.

Second, Defendant has failed to identify any sanctionable conduct. Although the Court ultimately determined that it lacked subject-matter jurisdiction in this case, it is evident that neither Owners, nor Plaintiff's counsel acted unreasonably in believing that the amount-in-controversy was satisfied. In the original Complaint and Amended Complaint, Owners alleged that the Court had subject matter jurisdiction over this declaratory judgment action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Compl. ¶ 4, ECF 1; Am. Compl. ¶ 4, ECF 5. And courts have often found that lawsuits brought by insurers against their insured in the midst of coverage disputes can satisfy the amount-in-controversy requirement even though all the insurer seeks is declaratory relief. Usually, that occurs when an insurance company brings an action against its insured for a declaration of the

insurer's obligation to defend or indemnify. *See, e.g.*, *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 932 (8th Cir. 2010) (explaining that courts consider the probable costs of defense and indemnification of the underlying litigation less any applicable deductible when calculating the amount in controversy).

Here, however, the Court identified a difference between the declaratory relief Owners sought in this action and the typical insurance coverage dispute. Owners brought this action seeking the following declaratory relief: that it was entitled to certain records from the owners of Midwest Lifts; that Defendant's attorney was not entitled to cross examine Defendant's representative at the examination under oath provided for in the policy; that Defendant was required to provide documents without a confidentiality or non-disclosure agreement; and that Owners could demand sequestration of witnesses pursuant to the terms of the insurance Policy at issue. Compl. ¶¶ 33–36; Am. Compl. ¶¶ 33–36. Focusing on this relief, the Court expressed its concern that the $75,000 jurisdictional threshold was not met and ordered Owners to either file an amended complaint establishing that the amount in controversy was satisfied or a letter brief explaining why amendment of the pleadings was not required. Order to Show Cause, ECF 87.

In response to the Court's Order to Show Cause, Owners stated:

> Owners has been unable to unearth supporting case law to establish that the factual allegations in its Amended Complaint, as they stand, do in fact meet the jurisdictional threshold. And Owners cannot in good faith file an Amended Complaint alleging other facts that would indicate an amount in controversy exceeding $75,000. Nevertheless, as your Order prescribes, in this letter, Owners seeks to explain why, despite the Court's concerns articulated above, this Court should nevertheless have subject-matter jurisdiction over this case.

4

Pl.'s Letter 1, ECF 90. Owners further explained its position that the amount-in-controversy requirement could nevertheless be satisfied by consideration of Defendant's counterclaims. *Id.* at 2–4.

Ultimately, the Court disagreed with Plaintiff's argument that the Defendant's counterclaims supported the amount-in-controversy requirement and concluded that subject matter jurisdiction was lacking. But that does not mean that Owners or its counsel acted unreasonably or that sanctions are warranted. There has been no showing that Plaintiff brought this case in federal court for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Nor has Defendant demonstrated that only an unreasonable or incompetent attorney could have believed in the merit of the argument that the amount in controversy was satisfied. *Coonts*, 316 F.3d at 753. Indeed, the Court's own conclusion regarding the specific jurisdictional issues in this case was informed by a single non-binding decision from another district court—*Progressive N. Ins. Co. v. North*, No. 23-cv-1916-DWD, 2023 WL 7003427 (S.D. Ill. Oct. 24, 2023). That was the only case directly on point that the Court could locate. Given the dearth of case law on the specific issue presented, it was not unreasonable for Owners or its counsel to believe that this case may have satisfied the amount-in-controversy requirement based on the more developed body of cases involving insurers' declaratory judgment claims that focus on the probable costs of defense and indemnity obligations.

Midwest Lifts also asserts that Plaintiff's allegations concerning the amount in controversy in both its Complaint and Amended Complaint were false and that Plaintiff

5

only brought this case to delay its payment obligations under the insurance Policy at issue. Def.'s Mem. 6. These assertions find no support in the record. Defendant fails to show that Plaintiff or its counsel made any misrepresentation in any of its pleadings or that they acted in bad faith in pursuing this litigation in federal court.

### *Conclusion*

Based on the discussion above, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Sanctions, ECF 118, is **DENIED**.

Date: January 27, 2025    *s/Katherine Menendez*
　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　United States District Judge